**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| Fairfield Sentry Limited., *et al.,* | ) Chapter 15 Case |
| | ) |
| Debtors in Foreign Proceedings. | ) Case No. 10-13164 (BRL) |
| | ) Jointly Administered |
| | ) |
| | ) |
| | ) |
| Fairfield Sentry Limited (In Liquidation), | ) |
| | ) Case No. 10-03623 (BRL) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AXA Isle of Man A/C L & C and Beneficial | ) |
| Owners of the Accounts Held In the Name of | ) |
| AXA Isle of Man A/C L & C 1-1000, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**AXA ISLE OF MAN LIMITED'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO WITHDRAW THE REFERENCE AND TO REMAND OR ABSTAIN**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

PROCEDURAL AND FACTUAL BACKGROUND.................................................................. 2

ARGUMENT...................................................................................................................... 4

    I.    REFERENCE TO THE BANKRUPTCY COURT IS INAPPROPRIATE ................. 4

        A.    The Reference Mistakenly Assumed Bankruptcy Jurisdiction........................... 4
        B.    If The Reference Was Effective, It Should Be Withdrawn ............................... 6

    II.    THE AXA ACTION SHOULD BE REMANDED TO STATE COURT.................... 8

        A.    The Action Is Not Removable .......................................................................... 8
        B.    Equitable Remand Is Warranted ...................................................................... 8

    III.    THE COURT SHOULD ABSTAIN FROM HEARING THE AXA ACTION........... 9

CONCLUSION.................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*,
337 B.R. 22 (S.D.N.Y. 2005)..................................................................................................10

*Digital Satellite Lenders, LLC v. Ferchill*,
No. 03 Civ. 8803, 2004 WL 1794502 (S.D.N.Y. Aug. 6, 2004) ................................................9

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*,
130 B.R. 405 (S.D.N.Y. 1991)..........................................................................................4, 5, 8

*In re Burger Boys*,
94 F.3d 755 (2d Cir. 1996)..................................................................................................6

*In re JSC BTA Bank*,
No. 10-10638, 2010 WL 3306885 (Bankr. S.D.N.Y. Aug. 23, 2010) ......................................5

*In re Leco Enterprs., Inc.*,
144 B.R. 244 (S.D.N.Y. 1992)..................................................................................................6

*In re Loy*,
No. 07-51040, 2009 WL 2381339 (Bankr. E.D.Va. Aug. 3, 2009)..........................................5

*In re Marconi plc*,
363 B.R. 361 (S.D.N.Y. 2007)...........................................................................................5, 6

*In re MTBE Prods. Liability Litig.*,
341 F.Supp.2d 386 (S.D.N.Y. 2004).....................................................................................10

*In re New 118th LLC*,
396 B.R. 885 (Bankr. S.D.N.Y. 2008).................................................................................8, 9

*In re Riverside Nursing Home*,
144 B.R. 951 (S.D.N.Y. 1992)............................................................................................4-5

*In re VWE Group, Inc.*
359 B.R. 441 (S.D.N.Y. 2007)..................................................................................................6

*KERUSA Co. LLC v. W1OZ/515 Real Estate Ltd. P'ship*,
No. 04 Civ. 708 (GEL), 2004 WL 1048239 (S.D.N.Y. May 7, 2004) .....................................7

*M. Febrikant & Sons, Inc. v. Long's Jewelers Ltd.*,
2008 WL 2596322 (S.D.N.Y. 2008)..........................................................................................7

*Mt. McKinley Ins. Co. v. Corning, Inc.*,
　399 F.3d 436 (2d Cir. 2005)..................................................................................9, 10

*Orion Pictures Corp. v. Showtime Networks, Inc.*,
　4 F.3d 1095 (2d Cir. 1993)......................................................................................7, 8

*Shiboleth v. Yerushalmi*,
　412 B.R. 113 (S.D.N.Y. 2009)....................................................................................9

*Solutia Inc.* v. FMC Corp.,
　No. 04 Civ. 2842, 2004 WL 1661115 (S.D.N.Y. July 27, 2004) ..............................8

*Tech. Outsource Solutions, LLC v. Eni Tech.*, Inc.,
　No. 02 Civ. 6433 (CJS), 2003 U.S. Dist. LEXIS 1475 (W.D.N.Y. Jan. 23, 2003) ................10

*Von Richthofen v. Family M. Found., Ltd.*,
　339 B.R. 315 (S.D.N.Y. 2005)....................................................................................9

*Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP*,
　201 B.R. 635 (S.D.N.Y. 1996)....................................................................................7

*World Travel Vacation Brokers, Inc. v. Bowery Sav. Bank (In re Chargit Inc.)*,
　81 B.R. 243 (Bankr. S.D.N.Y. 1987)..........................................................................4

**STATUTES**

28 U.S.C. § 157................................................................................................4, 6

28 U.S.C. § 1334............................................................................................. *passim*

28 U.S.C. § 1452................................................................................................8

AXA Isle of Man Limited ("AXAIM")[1] respectfully submits this memorandum in support of its accompanying motion for an order: (1) finding the reference to the Bankruptcy Court in the above-captioned action to have been ineffective or, in the alternative, withdrawing that reference; and (2) remanding or abstaining from the above-referenced action so that it may proceed in New York state court, where Plaintiffs initially chose to file it several months ago.[2]

## INTRODUCTION

This proceeding was initially commenced by Fairfield Sentry Limited (in liquidation) ("Sentry" or "Plaintiff") in New York State Supreme Court, and the causes of action advanced by Sentry are pure common law claims. As it did with numerous other (nearly identical) cases, months after commencing this action in state court—and, separately, filing a Chapter 15 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York—Sentry filed a notice to remove this action to the United States District Court for the Southern District of New York and requested that it be referred to the Bankruptcy Court.

This action does not belong in federal court. There is no federal bankruptcy jurisdiction over the claims asserted by Sentry, rendering both removal (to the District Court) and referral (to the Bankruptcy Court) inappropriate. Moreover, even if bankruptcy jurisdiction existed (it does not), both withdrawal and remand (or abstention) are proper since the action against AXAIM is

---

[1] The only named "defendant" in the above-captioned case is "AXA Isle of Man A/C L&C," which is an investment account (the "Account"). The legal and beneficial owner of the assets held in the Account is AXAIM, a financial and investment services company based in the Isle of Man, a self governing British Crown Dependency. By submitting this memorandum of law and the accompanying motion, AXAIM does not admit any fact or waive any right or defense, including, but not limited to, any facts or defense relating to the adequacy of service of process and/or the issue of personal jurisdiction, including jurisdiction by this Court, any New York State court, or any other court. AXAIM does not submit to the jurisdiction of any court, and reserves any and all rights, defenses, arguments and/or claims in this respect.

[2] AXAIM makes its motion pursuant to Title 28, United States Code, Sections 157(d), 1334(b) and (c), 1452(b), Rules 5011(a) and 9027 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Rules for the Bankruptcy Court.

comprised solely of non-core common law claims that should be heard in New York state court,

Plaintiff's initial forum of choice.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Sentry is a "feeder fund" that sold shares to investors and then invested the

majority of the proceeds of such sales with Bernard L. Madoff Investment Securities, LIC

("BMIS").  Sentry is domiciled and in liquidation in the British Virgin Islands ("BVI").  At

various times in the past, AXAIM invested in Sentry by purchasing shares issued by that "feeder

fund."

Since April 2010, Sentry and related entities have commenced more than 140 related

actions against its investors, including the action against AXAIM, in the Supreme Court of the

State of New York for New York County.  The proceeding against AXAIM (or "AXA Action")

was commenced in New York Supreme Court on May 14, 2010, when Sentry filed a Summons

with Notice (but not a complaint).  *See* Docket, Case No. 10-CV-06549 (GBD) ("SDNY Dkt."),

No. 1 (Notice of Removal, Exhibit B).[3]

Plaintiff eventually filed a complaint against AXAIM on September 29, 2010.  *See*

Docket, Case No. 10-13164 ("Bankr. Dkt."), No. 141 (Complaint against AXAIM, or

"Compl.").[4]  The claims set forth in the Complaint—each of which are meritless—are classic

common law causes of action: unjust enrichment (Claims 1 and 2); money had and received

(Claims 3 and 4), so-called "mistaken payment" (Claims 5 and 6); and constructive trust (Claim

7).  *See* Compl. ¶¶ 34-90.  These causes of action—that do not remotely impugn the conduct of

---

[3] As the caption indicates, Sentry purports to also bring claims against unnamed "beneficial owners of the accounts held in the name of AXA Isle of Man A/C L & C 1-10000."  This is somewhat surprising, since Plaintiff's counsel was advised, on August 9, 2010, that the only owner is AXAIM.

[4]  Sentry has not yet attempted to affect service of the Complaint.

AXAIM, which at all times acted in complete good faith—purport to arise out of fraud

perpetrated by Bernard L. Madoff in connection with BMIS.

In summary, Sentry alleges that, between 2004 and 2006, AXAIM received redemption

payments from Sentry totaling $3,266,031.40 as a result of AXAIM's sale of fund shares.  Sentry

alleges further that it made such payments believing that they equaled the actual net asset value

of the shares redeemed, and that the payments were funded by the sale of securities held in

Sentry's account at BMIS when, in truth, and as a result of Madoff's fraudulent conduct, the net

asset value of AXAIM's shares was less than believed, and the payments were funded by assets

other than those held in Sentry's account at BMIS.  *See id.* ¶¶ 1-5, 21-28.  As a remedy, Plaintiff

essentially seeks repayment by AXAIM of the $3,266,031.40 it received by redeeming it shares.

*Id.*, p. 22 & ¶ 25.

On June 14, 2010—a month after Plaintiff commenced the AXA Action in New York

state court—the liquidators for Sentry (and related entities) filed a petition under Chapter 15 of

the United States Bankruptcy Code in the Bankruptcy Court for the Southern District of New

York, seeking foreign recognition of certain liquidation proceedings pending in the BVI.  *See*

Bankr. Dkt., Nos. 1-6.  Recognition was granted on July 22, 2010, but the recognition order is

subject to a pending appeal.  *See id.*, Nos. 47, 52.

On September 3, 2010, Sentry filed a notice of removal of the AXA Action to the

United States District Court for the Southern District of New York, and requested referral to the

bankruptcy court.  *See* SDNY Dkt., No. 1.  Sentry filed a demand for a trial by jury at the same

time.  *Id.*, No. 4.  On September 14, 2010, the AXA Action—along with numerous other cases

filed by Sentry and related entities against other investors—was referred to the Bankruptcy Court

- 3 -

pursuant to this District's July 10, 1984 Standing Order of Referral of Cases to Bankruptcy

Judges ("Standing Order").  *Id.*, No. 3.

**ARGUMENT**

**I.     REFERENCE TO THE BANKRUPTCY COURT IS INAPPROPRIATE**

The "automatic" reference under the Standing Order was ineffective *ab initio* and, in any

event, should be withdrawn.

**A.     The Reference Mistakenly Assumed Bankruptcy Jurisdiction**

This District's Standing Order states that "any or all cases under titled 11 or any or all

proceedings *arising under* title 11 or *arising in* or *related* to a case under title 11 are referred to

the bankruptcy judges for this district."  SDNY Dkt., No. 3 (emphasis added).  This language

essentially mirrors the scope of jurisdiction conferred by 28 U.S.C. § 1334 with respect to

"bankruptcy cases and proceedings," and the scope of authorization for referring matters to the

bankruptcy court set forth in 28 U.S.C. § 157(a).[5]  As is plain, where bankruptcy jurisdiction

does not exist—*i.e.*, if a case or proceeding is not "under title 11" or does not "arise" or "relate"

to a case under title 11—the Standing Order, by its terms, can have no effect.

Sentry's claims do not "arise under" the Bankruptcy Code as they are "not predicated on

a right created by a provision of title 11."  *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins.

Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991) (citations and quotations omitted); *see World Travel

Vacation Brokers, Inc. v. Bowery Sav. Bank (In re Chargit Inc.)*, 81 B.R. 243, 246-47 (Bankr.

S.D.N.Y. 1987) (same); *In re Riverside Nursing Home*, 144 B.R. 951, 955 (S.D.N.Y. 1992) ("For

---

[5]  Section 1334(a) provides, in pertinent part, that "the district courts shall have original and exclusive jurisdiction of all cases under title 11."  Section 1334(b) provides, again in pertinent part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  Section 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

a case or proceeding to arise under title 11, the relief sought must be based on a right created by title 11."). Rather, Sentry purports to invoke rights allegedly created under state common law, not any provision of the Bankruptcy Code.

Nor does the AXA Action "arise in" a case under title 11—as evidenced by the fact that Sentry initially brought this action, and clearly could have pursued it, in state court well before the Chapter 15 action was initiated. An action "arises in" a case under title 11 only "if it is a proceeding that, by its very nature, could only arise in a bankruptcy case and has no existence outside of bankruptcy." *Drexel Burnham Lambert Group, Inc.*, 130 B.R. 405 at 407.

Likewise, the AXA Action is not "related to" the Chapter 15 case initiated by Sentry's liquidators. An action is "related to" a bankruptcy case "if its outcome might have any conceivable effect on the bankruptcy estate." *In re Marconi plc*, 363 B.R. 361, 366 (S.D.N.Y. 2007). Since no estate is created or administered in a Chapter 15 case, Sentry's common law claims are not "related to" the Chapter 15 case initiated by Sentry's liquidators. *Id.* (applying 11 U.S.C. § 304, the precursor to Chapter 15; because "no estate is being administered" in an ancillary proceeding, "there is no basis for contending that . . . common-law tort and contract claims are related to any bankruptcy case . . . even under th[e] quite expansive 'related to' test for jurisdiction."); *accord In re JSC BTA Bank*, No. 10-10638, 2010 WL 3306885, at *5-6, 9, 15-17 (Bankr. S.D.N.Y. Aug. 23, 2010) (holding that foreign proceeding under Chapter 15 "does not create an estate as that term is used in the Bankruptcy Code"); *In re Loy*, No. 07-51040, 2009 WL 2381339 at *6 (Bankr. E.D.Va. Aug. 3, 2009) (state law claims asserted in Chapter 15 proceeding have "no impact whatsoever on the bankruptcy estate, simply for the reason that no estate is created upon the filing of a Chapter 15 petition").

In short, because no bankruptcy jurisdiction exists, reference of the AXA Action to the Bankruptcy Court under the Standing Order was ineffective from the outset.[6]

### B.      If The Reference Was Effective, It Should Be Withdrawn

Next, withdrawal of the reference is appropriate even assuming, solely for the sake of argument, that bankruptcy jurisdiction existed.  Pursuant to 28 U.S.C. § 157(d), a "district court may withdraw, in whole or in part, any case or proceedings referred under this section, on its own motion or on timely motion of any party, for cause shown."  In assessing whether "cause" exists, a court should consider "questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, [and] the prevention of forum shopping . . . ."  *Orion Pictures Corp. v. Showtime Networks, Inc*., 4 F.3d 1095, 1101 (2d Cir. 1993);  *accord In re Burger Boys*, 94 F.3d 755, 762 (2d Cir. 1996).  A threshold issue is "whether the claim is core or non-core, since it is upon this issued that questions of efficiency and uniformity will turn."  *Orion*, 4 F.3d at 1101; *see In re VWE Group, Inc*. 359 B.R. 441, 448 (S.D.N.Y. 2007) (courts in "circuit have repeatedly held that district courts may determine the nature of the proceeding in the first instance").

The claims asserted against AXAIM are non-core.   So called "core proceedings" under Section 157(b) are "essentially identical" to the categories of "arising under" and "arising in" proceedings under 28 U.S.C. § 1334(b).  *In re Marconi plc*, 363 B.R. at 366; *accord In re Leco Enterprs., Inc.*, 144 B.R. 244, 248 (S.D.N.Y. 1992).  As established above, Sentry's claims in the

---

[6]  In its Notice of Removal, filed on September 3, 2010, Sentry purported to premise jurisdiction under 28 U.S.C. 1334(b) based solely on the fact that the claims in AXA Action "arise in" and/or are "related to" the Chapter 15 case filed by Sentry's liquidators.  *See* SDNY Dkt. No. 1 (Notice of Removal ¶ 6).  In its Complaint, which was filed on September 29, 2010, Sentry now claims—with no explanation—that the AXA Action is also "related to" the Madoff liquidation proceedings which are also pending in the Bankruptcy Court, in the case captioned *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, SIPA Liquidation No. 08-1789 (BRL) (the "Madoff Proceeding").  *See* Compl. ¶ 10.  But the claims in the AXA Action are not "related to" the Madoff Proceeding.

AXA Action do not fall within those categories:  they are pure common law claims, they were

first brought in state court before the Chapter 15 petition was filed, and they invoke no

substantive right under title 11.  *See KERUSA Co. LLC v. W1OZ/515 Real Estate Ltd. P'ship*,

No. 04 Civ. 708 (GEL), 2004 WL 1048239 at *2 (S.D.N.Y. May 7, 2004) (a proceeding is

"core" if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by is

nature, could arise only in the context of a bankruptcy case"; a "proceeding is non-core if it

exists independently under state law and is merely 'related to' the bankruptcy case because of a

conceivable effect upon the debtor's estate.").

Other pertinent factors favor withdrawal of the reference of the AXA Action to

Bankruptcy Court:

- Since the claims are non-core, findings and/or conclusions by the Bankruptcy Court during the course of litigation in the AXAIM matter are subject to *de novo* review by the District Court.  Thus, lack of withdrawal would create inefficiencies from duplication of effort.  *Solutia Inc.* v. FMC Corp., No. 04 Civ. 2842, 2004 WL 1661115, at *3 (S.D.N.Y. July 27, 2004) (quotations and citations omitted); *see Orion Pictures Corp*., 4 F.3d at 1101.[7]

- The Bankruptcy Court has not held any hearings or entertained any motions relating to the AXA Action and, as such, there is no real risk that the District Court will be required to re-tread old ground.

- The AXA Action presents no issues bearing on uniform bankruptcy administration—it is premised on state law claims and focuses narrowly on the investment relationship between Sentry and AXAIM.

- Sentry is undoubtedly forum shopping, often attempting to invoke the jurisdiction of various court systems (BVI, New York State, the U.S. District Court, the U.S. Bankruptcy Court) against the same defendants.[8]

---

[7]  Moreover, because Sentry has demanded a jury trial, *see* SDNY Dkt. No. 4, the AXA Action, if not remanded, will ultimately be heard in the District Court.  *E.g., M. Febrikant & Sons, Inc. v. Long's Jewelers Ltd*., 2008 WL 2596322, *3 (S.D.N.Y. 2008).

[8]  As we understand it, Sentry and related entities have filed lawsuits against at least 90 defendants in the BVI and over 140 lawsuits against many of the same defendants in New York sate court.  Now they seek yet another forum—the bankruptcy court—with respect to virtually all the suits they initially filed in New

II.     **THE AXA ACTION SHOULD BE REMANDED TO STATE COURT**

Should this Court find that the initial reference was ineffective, or decide to withdraw the

reference, it should then remand the AXA Action back to New York state court.

      A.     **The Action Is Not Removable**

The AXA Action is not removable to federal court because it does not come within

federal bankruptcy jurisdiction.

A party may remove claims relating to bankruptcy cases only if the district court "has

jurisdiction of such claim or cause of action under section 1334" of Title 28.  28 U.S.C. §

1452(a).  As established, the AXA Action does not fall within the scope of Section 1334 because

the claims therein do not "aris[e] under title 11" and do not "aris[e] in" or "relat[e] to" a case

under title 11.  *See* 28 U.S.C. § 1334; *supra* pp. [_].  Because there is no bankruptcy jurisdiction,

the AXA Action must be remanded to state court.  *See In re New 118th LLC*, 396 B.R. 885, 889-

90 (Bankr. S.D.N.Y. 2008) ("the district court . . . must remand any removed claim or cause of

action over which it lacks subject matter jurisdiction").

      B.     **Equitable Remand Is Warranted**

Separately, remand is proper under 28 U.S.C. § 1452(B), which permits remand "on any

equitable ground."  In making this decision, courts consider the following factors: "(1) the effect

on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law

predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the

degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the

existence of the right to a jury trial; and (7) prejudice to involuntarily removed defendants."

*Drexel Burnham Lambert Group, Inc.*, 130 B.R. at 407.

---

York state court.  Such forum shopping weighs in favor of withdrawal.  *E.g., Wechsler v. Squadron,*
*Ellenoff, Plesent, & Sheinfeld LLP*, 201 B.R. 635, 641 (S.D.N.Y. 1996).

The relevant factors weigh in favor of remand.  Adjudication of the AXA Action in state court will have little impact in the Chapter 15 case as no estate is being administered in that case. Next, *all* of the claims in the AXA Action are state common-law claims and, as such, issues of state law clearly predominate.  In addition, Sentry has demanded a jury trial.  *See* SDNY Dkt. No. 4.  Finally, the claims asserted in the AXA Action are non-core, *see supra* pp. [_], and, as such, comity principles strongly suggest that the federal court should defer to the state court. *Digital Satellite Lenders, LLC v. Ferchill*, No. 03 Civ. 8803, 2004 WL 1794502, at *6 (S.D.N.Y. Aug. 6, 2004) (where proceedings are non-core, "the federal courts should not rush to usurp the traditional precincts of the state court."); *Shiboleth v. Yerushalmi*, 412 B.R. 113 (S.D.N.Y. 2009) ("district courts consider . . . classification of a claim [as "non-core"] in deciding whether to grant an equitable remand").[9]

## III.     THE COURT SHOULD ABSTAIN FROM HEARING THE AXA ACTION

For all of the reasons set forth above, this Court should also abstain from hearing the Action.  Under 28 U.S.C. § 1334(c)(2), abstention is mandatory where: (1) a timely motion to abstain is made; (2) the action is based on a state law claim; (3) the only possible basis for federal jurisdiction is 28 U.S.C. § 1334; (4) an action is commenced in state court; and (5) the state court can timely adjudicate the matter.  *Von Richthofen v. Family M. Found., Ltd.*, 339 B.R. 315, 319 (S.D.N.Y. 2005).[10]

---

[9] Sentry's notice of removal was also untimely under Federal Rule of Bankruptcy Procedure 9027(a)(2), which governs the timing of removal where, as here, the claims in a civil action are already pending at the time a case under the Bankruptcy Code is commenced.  AXAIM submits that Sentry should have filed the notice of removal no more than 30 days after the July 22 recognition order.  But Sentry did not file its notice until September 3, 2010, 81 days after the Chapter 15 petition was filed and 44 days after the recognition order was entered.

[10] *See Mt. McKinley Ins. Co. v. Corning, Inc.*, 399 F.3d 436, 446-47 (2d Cir. 2005) (recognizing that mandatory abstention can apply in removal proceedings).

AXAIM's motion is timely as it comes just one month after Sentry filed the notice of removal, and there has been no significant litigation activity at this point. *See In re New 118ᵗʰ LLC*, 396 B.R. at 893 (describing factors related to timeliness). On its face, the AXA Action is based exclusively on state common law claims. Plaintiff invokes only 28 U.S.C. § 1334 as a basis for jurisdiction, *see* SDNY Dkt. No. 1 (Notice of Removal ¶ 6), albeit fruitlessly. Finally, the AXA Action was commenced in state court, and there is no reason why it cannot be timely adjudicated therein, particularly given the nature of the claims asserted. *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 337 B.R. 22, 27 (S.D.N.Y. 2005) ("no basis to find that this action cannot be timely adjudicated in New York state courts" since "action concerning insurance coverage would be a routine action in state court").[11]

Permissive abstention is also appropriate under 28 U.S.C. § 1334(c)(1). The factors to be considered with respect to such abstention are basically "identical" to the equitable remand provisions described above. *In re MTBE Prods. Liability Litig.*, 341 F.Supp.2d 386, 411 (S.D.N.Y. 2004). Because, as established, equitable remand is appropriate, *see supra* pp. [_], discretionary abstention is also proper.

---

[11] If a claim is non-core, the district court can refuse to abstain "only if the lawsuit could not be timely adjudicated in state court." *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436 (2d Cir. 2005). As established, Sentry's claims are non-core. Moreover, when remanded, the AXA Action would likely be adjudicated in the Commercial Division of New York State Supreme Court, which was "designed to be a world-class forum for the resolution of business disputes." *Tech. Outsource Solutions, LLC v. Eni Tech.*, Inc., No. 02 Civ. 6433 (CJS), 2003 U.S. Dist. LEXIS 1475, at *13-14 (W.D.N.Y. Jan. 23, 2003) (citations and quotations omitted)  Thus, the action can be timely adjudicated.

## CONCLUSION

For the reasons stated above, this Court should find that the reference to the Bankruptcy Court had no effect or, if effective, should withdraw that reference.  It should also remand and/or abstain.  In the event that this Court determines that referral to the Bankruptcy Court was effective and proper, we respectfully request that the Bankruptcy Court be directed to hear the remand and abstention issues raised herein.

Dated:  October 4, 2010

/s/ James G. Cavoli
James G. Cavoli
Sean M. Murphy
Milbank Tweed Hadley & McCloy LP
1 Chase Manhattan Plaza
New York, NY 10005
Tel. (212) 530-5000
Fax (212) 530-5688

*Counsel to AXA Isle of Man Limited*